NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

JAMAL M. HENRY,

        Plaintiff

v.

WILLIAM E. REYNOLDS, *et al.*,

        Defendants
_____

: Civ. No. 22-5802 (RMB-SAK)
:
: **OPINION**

**RENÉE MARIE BUMB, United States District Judge**

Plaintiff Jamal M. Henry, a pretrial detainee confined in Atlantic County Justice Facility ("ACJF") in May Landing, New Jersey, filed this civil suit under 42 U.S.C. § 1983 alleging false arrest, false imprisonment, and malicious prosecution arising from his arrest on January 30, 2022, in Atlantic City, New Jersey. Plaintiff submitted an application to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP") (IFP App., Docket No. 1-1), which establishes his financial eligibility to proceed *in forma pauperis*, and his application will be granted. For the reasons, discussed below, the complaint may proceed in part and will be dismissed in part.

1

I.     *SUA SPONTE* DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

II.    REVIEW OF CLAIMS IN THE COMPLAINT

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.  The defendants named in the complaint are William E. Reynolds, Atlantic County Prosecutor; Shelby Scheffler, Assistant Atlantic County Prosecutor; and Rizwan Bahkat, Atlantic City Police Officer. Plaintiff seeks damages and injunctive relief. Therefore, this Court

liberally construes the § 1983 claims against Defendants as brought in their individual and official capacities.

Plaintiff's allegations in support of his claims are as follows. Plaintiff was arrested in Atlantic City, New Jersey by Police Officer Rizwan Bahkat based on an erroneous 911 call. Plaintiff alleges that while on a break from his job as supervisor of security in the apartment complex where he lived, he found his nude girlfriend with another man, smoking crack cocaine. Plaintiff's girlfriend punched Plaintiff in the eye. The other man told Plaintiff's girlfriend to call the police and report that Plaintiff drew a gun on them. This was a lie because Plaintiff is an unarmed security guard, and he does not own or possess any gun. Plaintiff was arrested, although no gun was found after a vigorous search. Plaintiff alleges he was arrested without probable cause and maliciously prosecuted. He was arraigned on September 14, 2022, and he complained of the illegal acts by the prosecutors, to no avail. For relief, Plaintiff seeks release from pretrial confinement and money damages.

### A. A Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is the Proper Avenue to Seek Release from Pretrial Detention

Where a person in state custody seeks immediate release or more speedy release from confinement, the proper avenue for relief is through a habeas corpus petition, not a civil rights action under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 494, (1973). Therefore, this Court will dismiss Plaintiff's § 1983 claims for injunctive relief, without prejudice to Plaintiff bringing these claims in a petition for writ of habeas corpus under 28 U.S.C. § 2241. However, Plaintiff should be advised that

federal courts exercise jurisdiction over pretrial habeas corpus petitions only upon a showing of extraordinary circumstances, and a state pretrial detainee must ordinarily exhaust state court remedies over his federal constitutional claims prior to filing a federal habeas petition. *See Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (citations omitted).

### B. Prosecutors Have Absolute Immunity from Malicious Prosecution Claims Under Section 1983

Prosecutors have absolute immunity from malicious prosecution claims under § 1983 for initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff has not alleged any misconduct by the defendant prosecutors that fall outside their absolute immunity for initiating a prosecution and presenting the State's case. Therefore, the Court will dismiss Plaintiff's claims against prosecutors William A. Reynolds and Shelby Scheffler with prejudice.

### C. Fourth Amendment False Arrest, False Imprisonment, and Malicious Prosecution Claims Against Officer Bahkat

Plaintiff may proceed with his Fourth Amendment false arrest and false imprisonment claims for money damages against Police Officer Rizwan Bahkat in his individual capacity. Plaintiff's Fourth Amendment malicious prosecution claim against Officer Bahkat is dismissed without prejudice because Plaintiff has not alleged that the criminal proceeding initiated by Officer Bahkat without probable cause ended in Plaintiff's favor. *See Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007) (describing elements of Fourth Amendment malicious prosecution claim).

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application, and proceed in part and dismiss in part his complaint.

An appropriate Order follows.

DATE:  January 3, 2023                    s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge