NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| JAMAL M. HENRY, | : | |
| | : | Civ. No. 22-5802 (RMB-SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| RIZWAN BAKHAT, *et al.*, | : | |
| | : | |
| Defendants | : | |
| | : | |

**RENÈE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE**

This matter is before the Court *sua sponte*, upon Plaintiff's filing of a second amended complaint ("SAC") (Docket No. 10), and an application to proceed without prepayment of the filing fee ("IFP App.") under 28 U.S.C. § 1915(a).  For the reasons discussed below, the SAC may proceed against the individual defendants and is dismissed as to Atlantic City Police Department.

## I.    PROCEDURAL HISTORY

On or about September 29, 2022, Plaintiff Jamal M. Henry, a pretrial detainee confined in Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed this civil suit under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, and malicious prosecution arising from his arrest on January 30, 2022, in Atlantic City, New Jersey.  (Compl., Docket No. 1.)  On January 23, 2023, this Court granted Plaintiff's application to proceed *in forma pauperis*, permitted Plaintiff's false arrest and

false imprisonment claims under 42 U.S.C. § 1983 to proceed against Officer Rizwan

Bakhat, and dismissed the remainder of the claims in the complaint.  (Docket Nos. 2,

3.)  This Court directed Plaintiff to file his request for immediate release from pretrial

detention in a separate habeas action under 28 U.S.C. § 2241.[1]

On January 12, 2023, summons was issued for service on Defendant Rizwan

Bakhat.  (Docket No. 6.)  On January 23, 2023, the summons was returned unexecuted

because Officer Bakhat is no longer employed by the Atlantic City Police Department,

and could not be served at his former employer's address.  In the meantime, on

January 17, 2023, Plaintiff filed an amended complaint, seeking both pretrial habeas

release and damages based on alleged constitutional violations.  (Am. Compl., Docket

No. 7).  The amended complaint, however, was replaced with a second amended

complaint ("SAC") filed on February 6, 2023.  (SAC, Docket No. 10.)  The SAC is

now the operative pleading.[2]  *W. Run Student Hous. Assocs., LLC v. Huntington Nat.*

*Bank*, 712 F.3d 165, 171 (3d Cir. 2013)  ("[T]he amended complaint 'supersedes the

original and renders it of no legal effect, unless the amended complaint specifically

refers to or adopts the earlier pleading'" (quoting *New Rock Asset Partners, L.P. v.*

*Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting *Boelens*

*v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).  The defendants named in

---

[1] Plaintiff filed a habeas action under 28 U.S.C. § 2241 in Civil Action No. 22-6637(RMB).
On March 16, 2023, this Court dismissed the habeas petition without prejudice for failure to
exhaust, finding no extraordinary circumstances existed to exercise pretrial habeas
jurisdiction.  Henry v. Atlantic County Justice Facility, Civil Action No. 22-6637(RMB)
(D.N.J.) (Opinion and Order, Docket Nos. 10, 11.)

[2] If Plaintiff wishes to file a third amended complaint, he must file a motion to amend under
Federal Rule of Civil Procedure 15.

the SAC are Officer Rizwan Bakhat, Sergeant Bryan A. Fleming, Officer Gabriel Chevere, and Atlantic City Police Department.  On February 6, 2023, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  (IFP App., Docket No. 11.)  This second IFP application is moot because this Court granted Plaintiff's previously filed IFP application. (Docket No. 4.)

## II.    SUA SPONTE DISMISSAL

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a district court has granted a prisoner's application to proceed without prepayment of the filing fee,

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> …
> (ii) fails to state a claim on which relief may be granted….

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted).  Thus, ["t]o survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Id.* at 122-23 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   DISCUSSION

### A.   THE SAC

Plaintiff alleges the following facts in support of his Fourth Amendment false arrest and false imprisonment claims under § 1983 claims.  (SAC, Docket No. 10.)  On January 30, 2022, Plaintiff lived and worked at the New York Avenue Apartments in Atlantic City, New Jersey.  On a break from work, Plaintiff found his girlfriend with another man, Mr. House, in Plaintiff's apartment.  Plaintiff's girlfriend punched Plaintiff in the right eye.  Mr. House called a friend of his, and told her to call the police and say that Plaintiff pulled a gun on him.  This was a lie.  Plaintiff was an unarmed security guard and had never owned or possessed a gun.  Officer Bakhat of the Atlantic City Police Department handcuffed and arrested Plaintiff without reading his *Miranda* rights to him.  Officer Gabriel Chevere was Officer Bakhat's partner and assisted with Plaintiff's arrest.  Despite a vigorous search of the apartment and the entire building, performed without Plaintiff's permission, Officer Bakhat, Sergeant Bryan A. Fleming, and Officer Chevere did not find a gun.  Plaintiff alleges Sergeant Fleming nonetheless directed his subordinates to arrest Plaintiff without probable cause.  Plaintiff was taken before a judge for a detention hearing on June 1, 2022.  He was "placed on mute" at the hearing, and unable to describe his arrest.  Plaintiff was arraigned on September 14, 2022, after being in illegal custody for eight months.

### B.   Legal Standard for Claims under 42 U.S.C. § 1983

There are two elements to a claim under 42 U.S.C. § 1983:  "(1) the violation of a right secured by the Constitution and laws of the United States, and … that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)).  The elements a plaintiff must plead to state a claim of false arrest in violation of the Fourth Amendment are:  "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir.1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citing *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)).  The question of probable cause, for purposes of a Fourth Amendment false arrest claim under § 1983, is whether "the arresting officers  had probable cause to believe the person arrested had committed the offense." *Id.* at 635 (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 243-44, n. 13 (1983)).  Whether an officer had probable cause for an arrest requires courts to "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" *Id.* (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).

### C.    Analysis

Liberally construing the *pro se* complaint as required,[3] assuming the facts alleged as true, and further assuming those facts alleged by Plaintiff represent the totality of the circumstances faced by the arresting officers, Plaintiff's false arrest and false imprisonment claims may proceed against Defendants Bakhat, Chevere and Fleming.  *See*, *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (noting probable cause is generally a question of fact for the jury) (citations omitted)).

A city police department is not a separate legal entity that can be sued under § 1983.  *McGillvary v. Union Cnty., New Jersey*, No. CV 15-8840 (MCA), 2020 WL 2079266, at *4 (D.N.J. Apr. 30, 2020) (collecting cases).  The proper defendant is the municipality itself.  *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (finding the police department was not a proper party because "a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.")  The Court will dismiss the § 1983 claims against Atlantic City Police Department with prejudice.

### D.    Service of the SAC

It appears that Plaintiff has submitted USM 285 forms for the United States Marshals to serve the SAC on Defendants Bakhat, Fleming and Chevere.  However, the 90-day period for service of the SAC under Fed. R. Civ. P. 4(m) has expired. Plaintiff is entitled, pursuant to Federal Rule of Civil Procedure 4(c)(3) to service of the summons and SAC on Defendants by the United States Marshals Service.  Therefore,

---

[3] See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

for good cause, this Court will extend the time for service under Federal Rule of Civil Procedure 4(m), and direct the Clerk to issue summons and forward the summons, SAC, and the most recent USM 285 forms submitted by Plaintiff to the United States Marshals Service.

## IV.   CONCLUSION

Plaintiff has filed a Second Amended Complaint that adds new claims against new defendants.  The Court will *sua sponte* dismiss the § 1983 claims against Atlantic City Police Department, and Plaintiff may proceed with his § 1983 claims against Officers Bakhat, Chevere, and Sergeant Fleming.


An appropriate Order follows.

**DATE:  June 1, 2023**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
