IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL M. HENRY,<br><br>    Plaintiff<br><br>v.<br><br>RIZWAN BAKHAT et al.,<br><br>    Defendants | Civ. No. 22-5802 (RMB-SAK)<br><br>**MEMORANDUM ORDER**<br><br>**APPLIES TO ALL ACTIONS** |
| JAMAL M. HENRY,<br><br>    Petitioner<br><br>v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>    Respondent | Civ. No. 22-6637 (RMB)<br><br>**MEMORANDUM ORDER**<br><br>**APPLIES TO ALL ACTIONS** |

This matter comes before the Court upon Plaintiff Jamal M. Henry's ("Henry") motion for mandamus (Dkt. No. 25) and letter request for release from pretrial confinement (Dkt. No. 26) filed in Civil Action No. 22-5802 (RMB-SAK). Because the relief Henry seeks is release from pretrial detention, the motion for mandamus and letter request should be filed in his pretrial habeas action, *Henry v. Atlantic County Justice Facility*, Civil Action No. 22-6637(RMB). *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical

1

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.)  The Court will direct the Clerk to terminate the motion for mandamus and letter request from Henry's civil rights action under 42 U.S.C. § 1983, Civil Action No. 22-5802 (RMB-SAK), and file the motion and letter request in his habeas action under 28 U.S.C. § 2241, Civil Action No. 22-6637 (RMB).

Henry alleges constitutional violations in connection with his state criminal prosecution, resulting in his unlawful pretrial confinement.  This Court has dismissed Henry's pretrial habeas petition in Civil Action No. 22-6637(RMB) without prejudice (Dkt. Nos. 4, 5, 10, 11, 15, 16), because he has not exhausted his available state court remedies.  The state courts must be given an opportunity to correct any constitutional wrongs, without interference by a federal court.  *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010).  Henry has not alleged, in his motion for mandamus or his letter request for release from pretrial confinement, that he has exhausted all available avenues for relief on his constitutional claims in the state courts, including exercise of his right to appeal.  Therefore, the Court denies the motion for mandamus and letter request. Plaintiff may continue to pursue his civil rights action in Civil Action No. 22-5802 (RMB-SAK), however, release from pretrial confinement is not an available remedy for Plaintiff's false arrest and false imprisonment claims under 42 U.S.C. § 1983.

**IT IS** therefore on this **23rd day of January 2024**,

**ORDERED** that the Clerk shall terminate Plaintiff's motion for mandamus (Dkt. No. 25) and letter request (Dkt. No. 26) from Civil Action No. 22-5802 (RMB-SAK)

and refile those documents in Civil Action No. 22-6637 (RMB); and it is further

**ORDERED** that Petitioner's motion for mandamus and letter request in Civil Action No. 22-6637 (RMB) are **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall file this Order in both actions; and serve a copy of this Order on Plaintiff by regular U.S. Mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**Chief United States District Judge**