## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

JAMAL HENRY,

               Plaintiff,

    v.

WILLIAM REYNOLDS, et al.,

               Defendants.

Civil No. 22-5802 (RMB/SAK)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon the Motion for Summary Judgement (Dkt. No. 35) filed by Plaintiff Jamal Henry ("Plaintiff") pursuant to Federal Rule of Civil Procedure 56(a). The Court, having considered Plaintiff's motion papers and the record, will deny without prejudice Plaintiff's motion for summary judgment for the reasons set forth below.

## I.  PROCEDURAL BACKGROUND

On or about September 29, 2022, Plaintiff Jamal M. Henry, a pretrial detainee confined in Atlantic County Justice Facility ("ACJF") in Mays Landing, New Jersey, filed this civil suit under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, and malicious prosecution arising from his arrest on January 30, 2022, in Atlantic City, New Jersey. (Compl., Dkt. No. 1.) On January 23, 2023, this Court granted Plaintiff's application to proceed *in forma pauperis*, permitted Plaintiff's false arrest and false

imprisonment claims under 42 U.S.C. § 1983 to proceed against Officer Rizwan Bakhat, and dismissed the remainder of the claims in the complaint. (Dkt. Nos. 3, 4.) This Court directed Plaintiff to file his request for immediate release from pretrial detention in a separate habeas action under 28 U.S.C. § 2241.[1]

On January 12, 2023, summons was issued for service on Defendant Rizwan Bakhat. (Dkt. No. 6.) On January 23, 2023, the summons was returned unexecuted because Officer Bakhat is no longer employed by the Atlantic City Police Department and could not be served at his former employer's address. (Dkt. No. 8.) In the meantime, on January 17, 2023, Plaintiff filed an amended complaint, seeking both pretrial habeas release and damages based on alleged constitutional violations. (Am. Compl., Dkt. No. 7). The amended complaint, however, was replaced with a second amended complaint ("SAC") filed on February 6, 2023. (SAC, Docket No. 10.) The defendants named in the SAC are Officer Rizwan Bakhat, Sergeant Bryan A. Fleming, Officer Gabriel Chevere, and Atlantic City Police Department. On February 6, 2023, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (IFP App., Dkt. No. 11.) This second IFP application is moot because this Court granted Plaintiff's previously filed IFP application. (Dkt. No. 4.)

On June 1, 2023, this Court dismissed with prejudice Plaintiff's Fourth

---

[1] Plaintiff filed a habeas action under 28 U.S.C. § 2241 in Civil Action No. 22-6637(RMB). On March 16, 2023, this Court dismissed the habeas petition without prejudice for failure to exhaust, finding no extraordinary circumstances existed to exercise pretrial habeas jurisdiction. *Henry v. Atlantic County Justice Facility*, Civil Action No. 22-6637(RMB) (D.N.J.) (Opinion and Order, Docket Nos. 10, 11.)

Amendment false arrest and false imprisonment claims under § 1983 against Atlantic City Police Department and directed Plaintiff to serve a summons and the SAC (Dkt. No. 10) on Defendants Rizwan Bahkat, Gabriel Chevere, and Bryan A. Fleming. (Dkt. No. 13.) On June 12, 2023, summons was issued for service on Defendants Gabriel Chevere and Bryan A. Fleming (Dkt. No. 14.), and on June 15, 2023, summons was issued for Defendant Rizwan Bakhat. (Dkt. No. 15.) On June 26, 2023, the summons for service on Defendants Bryan A. Fleming and Gabriel Chevere were returned unexecuted because neither remained employed by Atlantic City Police Department, where service was attempted. (Dkt. No. 16.) Also on June 26, 2023, Plaintiff filed a Motion to Amend Complaint under Federal Rule of Civil Procedure 15, seeking to add "City of Atlantic City" as the "proper defendant" as employer of Rizwan Bakhat, Gabriel Chevere, and Brian A. Fleming. (Dkt. No. 17.) On July 13, 2023, the summons for Defendant Rizwan Bakhat was returned unexecuted because Officer Bakhat is no longer employed by the Atlantic City Police Department and could not be served at his former employer's address. (Dkt. No. 18.)

On November 20, 2023, Plaintiff's Motion to Amend Complaint was granted. (Docket No. 23.) The Third Amended Complaint ("TAC") is now the operative pleading.[2] *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint 'supersedes the original and renders it of

---

[2] If Plaintiff wishes to file a fourth amended complaint, he must file a motion to amend under Federal Rule of Civil Procedure 15.

no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading'" (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). The defendants named in the TAC are Rizwan Bakhat, Gabriel Chevere, Brian A. Flemming and City of Atlantic [City], New Jersey.

On December 15, 2023, Plaintiff filed a Motion for Mandamus (Dkt. No. 25) and letter request for release from pretrial confinement (Dkt. No. 26) in Civil Action No. 22-5802 (RMB-SAK). On January 23, 2023, this Court denied Plaintiff's Motion for Mandamus and letter request in Civil Action No. 22-5802 (RMB) and refiled those documents in Plaintiff's pretrial habeas action, *Henry v. Atlantic County Justice Facility*, Civil Action No. 22-6637 (RMB). (Dkt. No. 27.)

On March 22, 2024, Plaintiff filed a Motion to Appoint Pro Bono Counsel. (Dkt. No. 31.) On July 9, 2024, Plaintiff's Motion to Appoint Pro Bono Counsel was granted for the limited purpose of effecting personal service of process upon all Defendants and denied with respect to representation beyond service of process. (Dkt. No. 32.)

On November 25, 2024, Plaintiff filed a Motion for Summary Judgement pursuant to Federal Rule of Civil Procedure 56(a). (Dkt. No. 35.)[3]

## II.    LEGAL STANDARDS

Summary judgment shall be granted if "the movant shows that there is no

---

[3] The Court has received and reviewed additional letter submissions from Plaintiff. (Docket Nos. 19-22; Docket Nos. 29-31; and Docket Nos. 33-34.)

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. *Id.*

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." *Connection Training Servs. v. City of Phila.*, 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." *Id.*

In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous. They "must point to concrete evidence in the record" and mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *accord Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (noting that "speculation and conjecture may not defeat summary judgment") (citing *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009)).

## III.  DISCUSSION

### A.    Plaintiff's Motion for Summary Judgement is Premature

Plaintiff, a pretrial detainee proceeding pro se and *in forma pauperis*, alleges that

his January 30, 2022 arrest by members of the Atlantic City Police Department was effected without probable cause, in violation of his Fourth Amendment rights. The operative pleading – the TAC – asserts claims for false arrest, false imprisonment, and malicious prosecution against individual officers and the City of Atlantic [City]. Although the litigation has been procedurally complex, marked by multiple amended pleadings and unexecuted summonses, Plaintiff's motion for summary judgement comes at a stage where the record remains underdeveloped and discovery has not been meaningfully proceeded. Most notably, Defendants have yet to be served personally, and there has been no opportunity for Plaintiff to obtain discovery relevant to the factual predicates of his constitutional claims.

While a party can move for summary judgement "at any time" under Rule 56(b), courts may deny such a motion where it is clear that the nonmovant "cannot present facts essential to justify [their] opposition" due to the early posture of the case. *See* Fed. R. Civ. P. 56(d); *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (noting that district courts may deny or defer summary judgement where discovery is incomplete or where issues of material fact remain unresolved). The Court has previously acknowledged Plaintiff's lack of access to essential facts by granting limited pro bono assistance for the purpose of effecting service, thereby facilitating the threshold procedural step necessary to advance this litigation.  Defendants, not having been served, have not had an opportunity to defend.

Given the absence of evidentiary submissions bearing on the core issue of probable cause, coupled with unresolved service as Defendants, this Court concludes

that granting summary judgement would be premature.

## IV.    CONCLUSION

For the above reasons, the court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 35) **WITHOUT PREJUDICE**.

An accompanying Order follows.

**<u>s/Renée Marie Bumb</u>**
RENÉE MARIE BUMB
Chief United States District Judge

Dated: June 18, 2025